### PEÑA *v.* ANNONI.

### APPEAL from the District Court of Mayagüez.

No. 51.—Decided June 20, 1904.

MORTGAGES.—FORECLOSURE—CANCELLATION OF SUBSEQUENT INCUMBRANCES.—
When property is sold or awarded in payment of a first mortgage, and the proceeds do not equal or exceed the amount of the mortgage debt, the remaining credits will be deemed to be cancelled in law and in fact, all

subsequent inscriptions or records in the registry of property of annuities and mortgages being cancelled, as well as any notices of attachment subsequently entered therein.

Id.—Segregation of Mortgaged Property.—The fact that other properties may have been segregated from the real estate mortgaged and foreclosed upon, and in the inscription of which it is made to appear that the incumbrances affecting the original estate have been cancelled by. the total segregation made therefrom is no reason why the proper cancellation should not be made in accordance with the foregoing doctrine in compliance with an executory judgment, the expiration of a long or short period of time before application for the cancellation is made being no impediment.

## STATEMENT OF THE CASE.

This is an executory action instituted in the abolished Court of First Instance of Mayagüez by José Peña Chavarri against José Antonio Annoni for the recovery of money. The case is pending before us on an appeal in cassation, now ordinary appeal, taken by counsel for the execution creditor from the decision rendered by the District Court of Mayagüez.

"By a public instrument executed in the city of Mayagüez on September 16, 1873, José Antonio Annoni mortgaged to Buenaventura Plaja, Luis Bravo and José Chavarri his sugar plantation known as 'Josefa,' situated in the then municipal districts of Hormigueros and Cabo Rojo, the same being composed of six hundred *cuerdas* of land, more or less, to secure the payment of various claims amounting in the aggregate to the sum of 47,020 *pesos* and 69 *centavos*. Subsequently, by another instrument, dated June 18, 1878, the said Annoni, in agreement with his creditors, and among them. the said Plaja, Bravo and Chavarri, who were mortgage creditors, executed another mortgage on the said plantation 'Josefa' for the sum of 167,033 *pesos* and 31 *centavos,* which he bound himself to satisfy in twentieth parts in various annual payments. It should be noted that this second instrument contains the following language: 'Without it being understood as annulling or altering—except as to the additional period of payment allowed said party—the deed of September 16, 1873, in favor of Buenaventura Plaja, Luis Bravo and José Chavarri, the same comprising an express mortgage to secure the payment of 47,020 *pesos* and 69 *centavos* and interest thereon at twelve per cent. per annum, which he confirms and ratifies as to the priority of liens, for as regards the term and interest it remains innovated as hereinbefore stated.

"By another public instrument executed in the city of Mayagüez on June 21, 1880, Buenaventura Plaja and Luis Bravo assigned the mortgage credits of 30,211 *pesos* and 62 centavos and 6,378 *pesos* respectively due them by José Antonio Annoni, according to said document of June 18, 1878, in favor of Francisco Nicolás Annoni who in turn, by another public instrument of July 24, 1884, made an assignment of said credits in favor of José Peña Chavarri.

"José Peña Chavarri being the owner of said credits, on November 20, 1885, he instituted in the abolished Court of First Instance of Mayagüez an executory action against José Antonio Annoni for the recovery of 12,806 *pesos* and 36 *centavos,* together with interest, which the latter owed him upon seven matured installments of the credits assigned in his favor, and the execution having issued, an attachment was levied against Annoni, on June 22, 1886, upon one hundred and fifty-four *cuerdas* of the mortgaged plantation 'Josefa,' which said attachment was subsequently, to wit, on the 8th of November of the same year, increased so as to embrace eighty additional *cuerdas,* owing to the fact that a new installment on the obligation had become due, cautionary notice of both attachments having been entered in the Registry of Property of San Germán under date of October 26, 1887.

"A decree of sale having been issued on November 23, 1886, at the instance of the complainant, and by virtue of an order of the court, made on December 18, 1886, a certificate was brought to the record setting forth the charges incumbering the plantation 'Josefa,' of which the attached land formed a part, which certificate is dated January 29, 1887, and subsequently the execution debtor produced another certificate in regard to the same matter, issued on the 1st of April of said year, from which it appears, among other things, that on the 1st day of said month of April, the said registrar, referring to the instrument of June 18, 1878, of which mention has been made, made an entry in the registry at the request of José Antonio Annoni, stating by way of explanation of the first and second entries of the estate No. 15, book 1, of the municipality of Hormigueros, that the mortgage credit of Buenaventura Plaja, Luis Bravo and José de Chavarri for the sum of 47,020 *pesos* and 69 *centavos,* secured by a mortgage upon said estate, was embodied in and formed an integral part of the new credit of 167,033 *pesos* and 31 *centavos,* which was likewise secured by a mortgage upon the said estate, the senior mortgage in favor of the said Plaja, Bravo and Chavarri being therefore cancelled, discharged and void with regard to the principal and in-

terest, and continuing in force solely and exclusively as to the right of priority with respect to the remaining creditors.

"After the court, by an order of April 20, 1887, directed that notice be given of the status of the execution to the mortgage creditors whose names appeared on the certificate of charges in order that they might intervene in the valuation and sale of the attached property, if they deem it advisable, said sale was effected and the property awarded to Juan Chavarri, whereupon the execution creditor, José Peña Chavarri, being subrogated to his rights, a demand was made upon the execution debtor to execute a deed in favor of the execution creditor, within three days, conveying the ownership of the property sold, under an admonition that otherwise it would be done judicially.

"Inasmuch as José Antonio Annoni still owed José Peña Chavarri the sum of 11,019 *pesos* and 94 *centavos* of the amount which gave rise to the foreclosure proceedings, the latter requested that a new attachment be decreed upon lands of the plantation 'Josefa' until said sum was covered, and it being so ordered on February 29, 1888, seven *cuerdas* of the lands of said plantation, upon which stood the buildings and houses erected thereon, were attached, and twenty-six additional *cuerdas* were likewise attached, cautionary notice of said attachments being entered in the Registry of Property of San Germán by virtue of an order of the court. By an order made on the 11th of the following May notice was given of the status of the foreclosure proceedings to the second mortgagee, for the purposes of article 1488 of the Law of Civil Procedure; and this property having been put up at public sale, the same was awarded by a decree of the 22d of December of the same year to José Peña Chavarri for two-thirds of its value, in payment of the installments due on the mortgage obligation set forth in the instrument which served as the basis of the execution proceedings.

"The court having directed, by orders made on April 12, 1888, and January 3, 1889, that mandates be issued to the Registrar of Property of San Germán for the cancellation of the junior mortgages upon the two hundred and thirty-four *cuerdas* of land first sold at public sale, and upon the lands and buildings which also were subsequently the subject of a sale, the registrar returned the first mandate with the following memorandum: 'By virtue of the foregoing mandate, and by means of the entry letter D appearing at folio 175, book 1, of the municipality of Hormigueros, estate No. 15 duplicate, entries letters B and C, which appear at folio 173, reverse side, and folio 174 of said book and estate have been cancelled;' and the memoran-

dum affixed to the second mandate reading as follows: ' The cancellation referred to in the foregoing mandate was made at folio 177, reverse side, of book 1 of the municipality of Hormigueros, estate No. 15 duplicate, letter '' H.'' '

"On June 10, 1902, Attorney Eduardo Acuña, as the representative of José Peña Chavarri, presented a petition to the District Court of Mayagüez, asking that, in compliance with the orders of April 12, 1888, and January 3, 1889, the Registrar of Property of San Germán be directed to effect the cancellation of the mortgages and other incumbrances upon the estates awarded to Peña Chavarri, and which are subsequent in order of priority to the credit which served as the basis of the execution proceedings, issuing to him for that purpose an order in duplicate with the necessary insertions and specifying said incumbrances, as appears from the certificate of charges on file with the record, and enjoining him to make said cancellation after the entries referring to the awarded portion of two hundred and sixty-seven *cuerdas,* without prejudice to the subsequent transformations and new entries which the said *cuerdas* of land may have undergone by aggroupments or segregations, and that he add to the new entries related thereto, the proper memoranda referred to.

"Counsel for Peña Chavarri attached to said petition a certificate issued by the Registrar of Property of San Germán, from which it appears that cautionary notice was entered in the registry of the attachment of one hundred and fifty-four *cuerdas* of the plantation 'Josefa' and the attachment of eighty additional *cuerdas* of said plantation, and also to the effect that both entries had been cancelled under date of April 20, 1888, by virtue of a writ in duplicate issued on the 13th of said month of April by the Court of First Instance of Mayagüez. It also appears that cautionary notice was entered of an attachment on seven additional *cuerdas* of land of the plantation 'Josefa,' together with the houses and buildings situated thereon, and of the other portion of land embraced in the twenty-six *cuerdas,* which although separated, form a part of the said plantation 'Josefa,' and that the registrar, pursuant to the order issued in duplicate by the said court for the cancellation of the mortgages incumbering the appurtenances, machinery, factories, houses and the piece of land included in the amplification of the attachment, made an entry, on January 12, 1889, setting forth that he had made the cancellation ordered, it not appearing in said registry that any other entries of cancellation have been made except those mentioned of cautionary notices of attachment, and it being found, on the contrary, from

said registry, that in recording in favor of Peña Chavarri the owner-ship of the land and buildings which were finally awarded to him, under date of January 17, 1889, it was stated that the lands and other things relating thereto were subject to some of the incumbrances appearing in the first record of the estate.

"By an order of June 11, 1902, the Mayagüez court denied the petition presented by counsel for José Peña Chavarri, which said counsel was directed to assert his rights according to the proper procedure and against whom he might deem it advisable.

"Counsel for Peña Chavarri asked for a reconsideration of said order, and accompanied a certificate issued by the Registrar of Property of San Germán relative to various records of lands of the plantation 'Josefa' and to the first record of the plantation known as 'San Romulado,' which estate, as stated in the entry made on January 17, 1889, proceeds from various pieces of land segregated from the former plantation 'Josefa,' the property of José Antonio Annoni, recorded in Book 1 of Hormigueros under No. 15, the incumbrances resting thereon, which are now cancelled, it is claimed, by the total segregation made, being stated in the first record, and exception being made in the case of the ecclesiastical charges acknowledged by the new purchaser, and the Mayagüez court, by an order of the said 17th of June, denied the reconsideration requested."

From this decision counsel for Peña Chavarri took an appeal in cassation, which was allowed, and the record having been forwarded to this court, said appeal was conducted according to the procedure prescribed by law. A day was thereupon set for the hearing, which took place with the attendance of the attorney for the appellant.

*Mr. Eduardo Acuña,* for appellant.

MR. JUSTICE HERNÁNDEZ, after stating the foregoing facts delivered the opinion of the court.

Pursuant to article 133 of the old Mortgage Law, corresponding to article 125 of the law in force, and articles 1516, 1517 and 1518 of the Law of Civil Procedure, an estate having been sold or awarded at sale to satisfy a first mortgage, in such form that the value of the thing sold or awarded does not equal or exceed the mortgage credit sought to be enforced, the remaining credits shall be, from that fact and as of right,

considered to be cancelled, and all the subsequent records of annuities, mortgages and notices of attachments, also made subsequently, shall be cancelled after the presentation of the proper judicial order, leaving the conveyed or awarded estate or estates free from all incumbrances in this respect.

In consonance with the foregoing legal provisions, the judge of the Court of First Instance of Mayagüez, by executory orders of April 12, 1888, and January 3, 1889, directed that mandates be issued to the Registrar of Property of San Germán for the cancellation of the subsequent mortgages upon the lands and building awarded to José Peña Chavarri, in payment of his mortgage credit, the said registrar having failed to comply with said mandates, inasmuch as he confined himself to cancelling the cautionary notices of attachments to which the property awarded was subject, without cancelling the mortgages subsequent to the preferred claim which gave rise to the execution proceedings.

Although in the first entry of the plantation known as "San Romualdo," which proceeds from lands segregated from the former plantation "Josefa," it is stated, according to a certificate issued by the Registrar of Property of San Germán, that the incumbrances resting upon the plantation "Josefa" are already cancelled by the total segregation effected, with the exception of the recognized ecclesiastical charges, such cancellation, the legal validity of which might be called into question, is not sufficient ground for failing to make the cancellation requested under the protection of legal provisions and executory orders. So, too, the time which had elapsed cannot be alleged against such cancellation, inasmuch as it does not deprive José Peña Chavarri of a right recognized by law, and sanctioned, in the present case, by the principle of *res ajudicata.*

The District Court of Mayagüez, in rendering the decision appealed from, has proceeded in contradiction to the writ of execution, and the appeal taken will therefore lie.

We adjudge that we ought to reverse and do reverse the order appealed from of June 17, 1902, and the related order of the 11th of the same month, and in consequence thereof we direct the cancellation of the mortgages and other liens incumbering the estate awarded to Peña Chavarri, and which are subsequent in order of priority to the credit which served as the basis of the execution proceedings, to be carried into effect. For this purpose writs in duplicate, containing the necessary insertions and a specification of said incumbrances, as appears from the certificate of charges, will be issued to the Registrar of Property of San Germán. This decision is ordered to be communicated to the District Court of Mayagüez and the record returned.

*Reversed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.